79 N.J. Super. 504 (1963)
192 A.2d 175
WILLIAM A. DIVEN, SR., PETITIONER-RESPONDENT,
v.
H & L FARMS, RESPONDENT-APPELLANT. EVA DIVEN, PETITIONER-RESPONDENT,
v.
H & L FARMS, RESPONDENT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued June 17, 1963.
Decided June 17, 1963.
*506 Before Judges GOLDMANN, FREUND and FOLEY.
Mr. Edward B. Meredith for respondent-appellant.
Mr. Edmund J. Canzona for petitioner-respondent (Messrs. Parsons, Canzona, Blair & Smith, attorneys).
PER CURIAM.
H & L Farms appeals from a County Court order dismissing its appeal from a judgment entered in the Workmen's Compensation Division in petitioner's favor, the reason for dismissal being H & L's failure to observe the time limitations of R.R. 5:2-5(b) and (c) governing appeals from the Division. It also appeals the County Court's denial of its motion to set aside the dismissal.
Notice of appeal was filed with the county clerk on February 20, 1963. Under R.R. 5:2-5(b) H & L had 15 days to file with the clerk of the Law Division of the County Court the exhibits and an original and copy of the transcript of the record and testimony. Counsel for H & L represents  and it is not contradicted  that transcripts of the Division hearing were first received at his office on Friday, March 1, or Monday, March 4, 1963. He had them delivered to the Workmen's Compensation Division for certification, at the same time requesting the exhibits from the insurance carrier and the Division where they were being held. The certified transcripts and exhibits were not physically available until March 7 or 8. They were mailed to the county clerk's office on Friday, March 8, and received there on Monday, March 11. However, they were marked filed on March 12, the one-day delay being occasioned by the clerk's inability to locate the file. It thus appears that the transcripts and exhibits were mailed one day after March 7, which marked the end of the 15-day period provided in R.R. 5:2-5(b). Because of the intervening weekend, their receipt by the clerk was actually on the second working day following March 7.
*507 R.R. 5:2-5(c) requires an appellant to serve and file his brief not more than 20 days after the filing of the transcript. H & L filed and served its brief April 10, 1963, or 11 days after the time limitation.
The county judge considered the requirement of R.R. 5:2-5(b) as mandatory and noted that appellant had not requested an extension, as provided in that subsection. He also noted the late filing of the brief. He thereupon dismissed the appeal under R.R. 5:2-5(e) which provides:
"Any appeal may be dismissed by the court if the transcript of the record and testimony, together with the exhibits, is not transmitted, or if the appeal is not prosecuted, in accordance with the provisions of this rule." (Italics ours)
In doing so the county judge stated that in the circumstances he found no reason for relaxing the rule under R.R. 1:27A.
Appellant moved to set aside the order of dismissal. The motion, although unopposed by petitioner's counsel, was denied. Appellant thereupon served, filed and docketed its notice of appeal.
H & L moves to have this court assume original jurisdiction to determine the meritorious questions involved. At oral argument of the motion, both counsel consented that the court could dispose of the procedural aspect of the case as if on full appeal. We proceed to do so.
The provisions of R.R. 5:2-5 are obviously intended to insure prompt prosecution and determination of an appeal from the Workmen's Compensation Division. Where, as here, an appellant is unable to meet the respective 15- and 20-day limitations of subsections (b) and (c) of the rule, he should promptly apply to the County Court judge for an extension. Although counsel here failed to do so, his client should not, in the circumstances of this case, have to suffer a dismissal of its appeal. There is no claim that the County Court appeal was not meritorious.
The provisions of R.R. 5:2-5(b) are not mandatory or inflexible. Compare Conklin v. Automotive Conveying of *508 N.J., 71 N.J. Super. 153 (App. Div. 1961). That very subsection permits of an extension. And R.R. 1:27A, dealing with relaxation of rules, is always available in a proper case. Further, R.R. 5:2-5(e) does not compel dismissal of a County Court appeal; the language of the rule is that any such appeal "may" be dismissed.
We are of the opinion that R.R. 5:2-5(b) and (c) should have been relaxed. The reason for the brief delay in filing the transcript and exhibits was their physical unavailability to counsel prior to the date of mailing. As for the 11-day delay in filing the brief, we find the explanation made to the county judge and set out in the papers accompanying the present application adequate enough to call for a relaxation of the rule. Counsel for H & L had lost the services of his secretary during the period in question. He was obliged to obtain temporary help through an agency. The secretary was slow and inexperienced. She could not take shorthand or use a Dictaphone, so that counsel had to write out everything, not only in this case but in two other pending compensation appeals, as well as an appeal in this court.
Accordingly, the County Court orders under appeal are reversed. We will not accept the suggestion that this court assume original jurisdiction to determine the meritorious questions involved on appeal from the Workmen's Compensation Division. The Legislature has fixed the sequence of appeals in compensation cases. The Workmen's Compensation Act accords an aggrieved party a judicial determination at the County Court level  a de novo trial on the record of the controversy previously decided administratively in the Division. It is only after the County Court has acted that there is an appellate review in this court. We are unwilling to exercise our original jurisdiction and determine the merits, for to do so would be to by-pass the trial in the County Court contemplated under the statute.
Remanded to the County Court, there to be proceeded with in regular course.